Argued and submitted May 10, at Pendleton, Oregon, affirmed June 5, 1991

## FEDERAL DEPOSIT INSURANCE CORPORATION,
*Respondent,*

*v.*

## Carl G. HELM,
*Appellant.*

## (89-02-32458; CA A66446)

812 P2d 39

Stephen P. Riedlinger, La Grande, argued the cause for appellant. With him on the brief were Baum & Riedlinger and Carl G. Helm, *pro se,* La Grande.

Paul V. Vaughan, Eugene, argued the cause for respondent. With him on the brief was Hershner, Hunter, Moulton, Andrews & Neill, Eugene.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Federal Deposit Insurance Corporation (FDIC), as receiver for and as the "purchase and assumption" successor to assets of the First State Bank of Elgin (bank), brought this action to recover on a promissory note executed by defendant in the bank's favor. Defendant appeals from a summary judgment for FDIC, and we affirm.

As part of the transaction in which defendant executed the note, he executed and delivered a bargain and sale deed to the bank for certain real property. On its face, the deed constituted an outright conveyance of the property to the bank. Defendant contends, however, that the bank and he "understood and agreed" that the deed was to be treated as a "security instrument (mortgage)" rather than the conveyance that it purported to be. There was no writing to reflect that understanding. After the bank became insolvent and FDIC became its receiver and successor, FDIC sold the deeded property. It later brought this action on the note.

Defendant pleaded a number of affirmative defenses and a counterclaim, all of which turn on the alleged understanding between him and the bank that the deed was to serve as security rather than as a conveyance. It is unnecessary to discuss his specific theories in detail. Under the federal common law estoppel doctrine that we explained and applied in *FDIC v. Schell,* 87 Or App 159, 741 P2d 916 (1987), *rev den* 304 Or 680 (1988), none of those theories or defenses may be asserted against FDIC. Defendant's overriding contention is that the arrangement between him and the bank was something other than it appears to be on its face and the bank's records; arrangements of that kind fall squarely within the estoppel doctrine.

Defendant attempts to extricate himself from that doctrine by contending that there was evidence in the summary judgment proceeding to show that, independently of the bank, FDIC's records revealed that some of its personnel recognized and treated the deed as collateral rather than a conveyance. That contention does not assist defendant. As a matter of law, all that it can show is that FDIC may have treated the deed differently at different times and, therefore, that the secret arrangement between defendant and the bank

misled FDIC. As *FDIC v. Schell, supra,* and the cases that it discusses make clear, the likelihood that such arrangements may mislead banking authorities is among the principal reasons for the estoppel doctrine.

Similarly, defendant is not aided by his argument that the debt evidenced by the note merged with the "security" evidenced by the deed and was extinguished by the sale. To the extent that that argument reflects a correct understanding of the law of merger,[1] it further embeds defendant in the estoppel doctrine. The supposed merger would simply be a legal byproduct of the secret arrangement under which the deed served as security rather than the conveyance that it purported to be on its face.[2]

Affirmed.

[1] We do not comment on the merits of defendant's understanding.

[2] Our use of the term "secret arrangement" does not imply fraudulent or other improper intent on the part of defendant or the bank. As noted in *FDIC v. Schell, supra,* bad intent is not necessary for the estoppel doctrine to be applicable.

Given the basis for our holding, it is unnecessary for us to consider separately FDIC's argument based on 12 USC § 1823(e).